**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com
         jsmith@bursor.com
         breed@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMBER YALE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THE GAP, INC. and CLICKTALE, INC.,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Amber Yale ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to allegations specifically pertaining to herself and her counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. This is a class action suit brought against Defendants Gap, Inc.'s ("Gap") and Clicktale, Inc. ("Clicktale") (collectively, "Defendants") for wiretapping the electronic communications of visitors to Defendant Gap's websites (the "Websites").[1]  The wiretaps, which are embedded in the computer code on the Websites, are used by Defendants to secretly observe and record website visitors' keystrokes, mouse clicks,[2] and other electronic communications, including the entry of Personally Identifiable Information ("PII"), in real time.  By doing so, Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code §§ 631 and 635, and invaded Plaintiff's and Class Members' privacy rights in violation of the California Constitution.

2. In October 2020, Ms. Yale visited Oldnavy.com, one of the Websites.  During the visit, Defendants recorded Plaintiff's electronic communications in real time, including Plaintiff's mouse clicks, keystrokes, and payment card information.

3. Plaintiff brings this action on behalf of herself and a class of all persons whose electronic communications were intercepted through the use of Defendants' wiretap on the Websites.

**THE PARTIES**

4. Plaintiff Amber Yale is a California resident who lives in Santa Cruz, California.  Ms. Yale resides in Santa Cruz and has an intent to remain there, and is therefore a domiciliary of California.  In October 2020, prior to the filing of this lawsuit, Ms. Yale visited Oldnavy.com and made a purchase.  Ms. Yale was in Santa Cruz when she visited the website.  During the visit, Ms.

---

[1] GAP, https://www.Gap.com/; OLD NAVY, https://oldnavy.gap.com/; ATHLETA, https://athleta.gap.com/; BANANA REPUBLIC, https://bananarepublic.gap.com/; HILL CITY, https://hillcity.gap.com/.

[2] As used herein, the term "mouse clicks" also refers to "touch gestures" such as the "tap," "swipe," and similar gestures used on touchscreen devices.

Yale's keystrokes, mouse clicks, and other electronic communications—including the entry of her payment card information—were intercepted in real time and were disclosed to Defendants Gap and Clicktale through the wiretap. Ms. Yale was unaware at the time that her keystrokes, mouse clicks, and other electronic communications were being intercepted in real-time and would be disclosed to Clicktale, nor did Ms. Yale consent to the same.

5. Defendant The Gap, Inc. is a company incorporated under the laws of Delaware with its principal place of business at 2 Folsom Street, San Francisco, California 94105.

6. Gap does business throughout California and the entire United States.

7. Gap owns and operates the Websites.

8. Defendant Clicktale, Inc. is an Israeli corporation with its principal place of business at Atrium Tower, 2 Jabotinsky Street, Ramat Gan, Tel Aviv 5250501.

9. Clicktale is a marketing software-as-a-service ("SaaS") company.

10. Clicktale provides a feature called "Event-Triggered Recorder," which is at issue here and is described more fully below. At all relevant times here, Gap has used Clicktale's "Event-Triggered Recorder" feature on the Websites.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and at least one member of the proposed class is citizen of state different from at least one Defendant.

12. This Court has personal jurisdiction over Defendants because each of the Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and Plaintiff's claims arise out of each of the Defendants' forum-related activities. Furthermore, a substantial portion of the events giving rise to Plaintiff's claims occurred in this District.

13. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.

**STATEMENT OF FACTS**

**I.     Overview Of The Wiretaps**

14. Defendant Clicktale develops a software of the same name that provides marketing analytics.

15. One of Clicktale's features is called "Event-Triggered Recorder," which purports to help businesses improve their website design and customer experience.

16. Event-Triggered Recorder provides a real-time recording of a user's interactions on a website. Clicktale says that Event-Triggered Recorder allows companies to "[v]iew visitor playbacks of mobile or desktop sessions to understand how users interact with your content" and to "[h]olistically track target segments and specific events with recordings of 100% of relevant users, heatmaps, conversion funnels, form analytics, mouse tracking and more."



//

//

//

17. Clicktale touts that Event-Triggered Recorder "track[s] every visitor from the start."[3]

18. Clicktale operates on both desktop and mobile devices.

19. Event-Triggered Recorder is accomplished by JavaScript, client-side recording. It captures the consumer-rendered HTML and active states of the page, and all mouse interactions on the page. It then stitches all of these pages together into a combined recording of the customer's experience on a website. These include cart and checkout experiences.

20. Through Event-Triggered Recording, Clicktale records a website user's interactions locally in the user's browser and transmits that information to Clicktale's recording servers. Clicktale then makes the information available to its clients.

21. Technology like Clicktale's is not only highly intrusive, but dangerous. A 2017 study by Princeton University found that session recording technologies like Event-Triggered Recording were collecting sensitive user information such as passwords and credit card numbers. The research notes that this wasn't simply the result of a bug, but rather insecure practices. Thus, technologies such as Clicktale's can leave users vulnerable to data leaks and the harm resulting therefrom.

22. Clicktale's business model involves entering into voluntary partnerships with various companies and providing their software to their partners.

23. One of Clicktale's partners is Defendant Gap.

24. Gap utilizes Clicktale's software on the Websites.

25. Gap knows that Clicktale's software captures the keystrokes, mouse clicks and other communications of visitors to its website, and pays Clicktale to supply that information.

26. Pursuant to an agreement with Clicktale, Gap enabled Clicktale's software by voluntarily embedding Clicktale's software code on the Websites.

27. As currently deployed, Clicktale's software, as employed by Gap, functions as a wiretap.

---

[3] Event-Triggered Recorder, https://www.clicktale.com/media/1978/event-triggered-recorder.pdf.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                              4

## II. Defendants Wiretapped Plaintiff's Electronic Communications

28. In October 2020, Ms. Yale visited Oldnavy.com and made a purchase.

29. During that visit, and upon information and belief, the Event-Triggered Recorder feature in Clicktale's software captures each of Plaintiff's keystrokes and mouse clicks on the Websites. The Clicktale wiretap also captured the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the visit, her browser type, and the operating system on her device.

30. Clicktale's recording of keystrokes, mouse clicks, data entry, and other electronic communications begins the moment a user accesses or interacts with the Websites.

31. When users access the Websites and make a purchase, they enter their PII. Clicktale's software captures these electronic communications throughout each step of the process.

32. Clicktale's software captures, among other things:

    (a) The user's mouse clicks;

    (b) The user's keystrokes;

    (c) The user's email address;

    (d) The user's shipping address;

    (e) The user's payment card information, including card number, expiration date, and CVV code;

    (f) The user's IP address;

    (g) The user's their location at the time of the visit; and

    (h) The user's browser type and the operating system on their devices

33. Crucially, Defendant Gap does not ask users, including Plaintiff, whether they consent to being wiretapped by Clicktale. Users are never actively told that their electronic communications are being wiretapped by Clicktale.

34. Further, Privacy Policy is located at the very bottom of the Websites' home page with no notice directing users to the Privacy Policy, *i.e.* the hyperlink to the Privacy Policy functions as browsewrap. And even though users are presented with a hyperlink to Gap's Privacy

1  Policy at the end of the checkout process, Gap began recording users long before this moment, *i.e.*,
2  any purported disclosure was made *after* the wiretap had already begun.

3      35.    Moreover, users are not on notice of the hyperlink to the Privacy Policy when they
4  click the "Place Order" button.

5      36.    Therefore, users like Plaintiff never agree or are never given the option to agree to
6  the Privacy Policy when using the Websites, nor are they on notice of the Privacy Policy.

7      37.    Even if users do agree to the Privacy Policy by using the Websites or otherwise—
8  and they do not for the reasons stated above—Gap does not mention any aspect of Clicktale or its
9  Event-Triggered Recorder (such as that users will have their mouse clicks and keystrokes recorded
10 in real time) in the Websites' Privacy Policy.  As such, users do not agree to be wiretapped even if
11 they agree to the Privacy Policy.

12     38.    Neither Plaintiff nor any Class member consented to being wiretapped on the
13 Websites, nor to have their communications recorded and shared with Clicktale.  Any purported
14 consent that was obtained was ineffective because (i) the wiretapping began from the moment
15 Plaintiff and Class members accessed the Websites; (ii) the Privacy Policy did not disclose the
16 wiretapping or Clicktale; and (iii) the hyperlink to the Privacy Policy is inconspicuous and therefore
17 insufficient to provide notice.

## CLASS ACTION ALLEGATIONS

19     39.    Plaintiff seeks to represent a class of all California residents who visited the
20 Websites, and whose electronic communications were intercepted or recorded by Clicktale.
21 Plaintiff reserves the right to modify the class definition as appropriate based on further
22 investigation and discovery obtained in the case.

23     40.    Members of the Class are so numerous that their individual joinder herein is
24 impracticable.  On information and belief, members of the Class number in the thousands.  The
25 precise number of Class members and their identities are unknown to Plaintiff at this time but may
26 be determined through discovery.  Class members may be notified of the pendency of this action by
27 mail and/or publication through the distribution records of Defendants.

28

41. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to, whether Defendants have violated the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631 and invaded Plaintiff's privacy rights in violation of the California Constitution; and whether class members are entitled to actual and/or statutory damages for the aforementioned violations.

42. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other class members, visited the Websites and had her electronic communications intercepted and disclosed to Clicktale through the use of Clicktale's wiretaps.

43. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

44. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

45. Plaintiff brings all claims in this action individually and on behalf of members of the Class against Defendants.

# COUNT I
## Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 631

46. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

47. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

48. To establish liability under section 631(a), Plaintiff need only establish that Defendants, "by means of any machine, instrument, contrivance, or in any other manner," did any of the following:

> Intentionally taps, or makes any unauthorized connection, whether physically, electrically, acoustically, inductively or otherwise, with any telegraph or telephone wire, line, cable, or instrument, including the wire, line, cable, or instrument of any internal telephonic communication system,

> Or

> Willfully and without the consent of all parties to the communication, or in any unauthorized manner, reads or attempts to read or learn the contents or meaning of any message, report, or communication while the same is in transit or passing over any wire, line or cable or is being sent from or received at any place within this state,

> Or

> Uses, or attempts to use, in any manner, or for any purpose, or to communicate in any way, any information so obtained,

> Or

> Aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the acts or things mentioned above in this section.

49. Section 631(a) is not limited to phone lines, but also applies to "new technologies" such as computers, the Internet, and email. *See Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (CIPA applies to "new technologies" and must be construed broadly to effectuate its remedial purpose of protecting privacy); *Bradley v. Google, Inc.*, 2006 WL 3798134, at *5-6 (N.D. Cal. Dec. 22, 2006) (CIPA governs "electronic communications"); *In re Facebook,*

*Inc. Internet Tracking Litigation*, 956 F.3d 589 (9th Cir. 2020) (reversing dismissal of CIPA and common law privacy claims based on Facebook's collection of consumers' Internet browsing history).

50. Clicktale's software, including the Event-Triggered Recorder feature, is a "machine, instrument, contrivance, or … other manner" used to engage in the prohibited conduct at issue here.

51. At all relevant times, by using Clicktale's technology, Defendants intentionally tapped, electrically or otherwise, the lines of internet communication between Plaintiff and Class Members on the one hand, and Gap's Websites on the other hand.

52. At all relevant times, by using Clicktale's technology, Defendants willfully and without the consent of all parties to the communication, or in any unauthorized manner, read or attempted to read or learn the contents or meaning of electronic communications of Plaintiff and putative Class Members, while the electronic communications were in transit or passing over any wire, line or cable or were being sent from or received at any place within California.

53. Defendants aided, agreed with, and conspired with each other to implement Clicktale's technology and to accomplish the wrongful conduct at issue here.  In addition, Gap employed Clicktale to accomplish the wrongful conduct at issue here.

54. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Clicktale's wiretaps on the Websites.  Nor have Plaintiff nor Class Members consented to Defendants' intentional access, interception, reading, learning, recording, and collection of Plaintiff and Class Members' electronic communications.

55. The violation of section 631(a) constitutes an invasion of privacy sufficient to confer Article III standing.

56. Unless enjoined, Defendants will continue to commit the illegal acts alleged here. Plaintiff continues to be at risk because she frequently uses the internet for shopping, and she continues to desire to use the internet for that purpose, including for the purpose of shopping for clothing.  Defendant Clicktale provides its software, including the Event-Triggered Recorder feature, to many other website operators who offer a wide array of services.  For many websites that

Plaintiff may or is likely to visit in the future, she has no practical way to know if her website communications will be monitored or recorded by Clicktale.

57. Plaintiff and Class Members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

## COUNT II
### Violation Of The California Invasion Of Privacy Act, Cal. Penal Code § 635

58. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

59. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

60. California Penal Code § 635 provides, in pertinent part:

> Every person who manufactures, assembles, sells, offers for sale, advertises for sale, possesses, transports, imports, or furnishes to another any device which is primarily or exclusively designed or intended for eavesdropping upon the communication of another, or any device which is primarily or exclusively designed or intended for the unauthorized interception or reception of communications between cellular radio telephones or between a cellular radio telephone and a landline telephone in violation of Section 632.5, or communications between cordless telephones or between a cordless telephone and a landline telephone in violation of Section 632.6, shall be punished by a fine not exceeding two thousand five hundred dollars.

61. At all relevant times, by implementing Clicktale's wiretaps, each Defendant intentionally manufactured, assembled, sold, offered for sale, advertised for sale, possessed, transported, imported, and/or furnished a wiretap device that is primarily or exclusively designed or intended for eavesdropping upon the communication of another.

62. Clicktale's code is a "device" that is "primarily or exclusively designed" for eavesdropping. That is, the Clicktale's code is designed to gather PII, including keystrokes, mouse clicks, and other electronic communications.

63. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Clicktale's wiretaps.

64. Plaintiff and Class Members seek all relief available under Cal. Penal Code § 637.2, including injunctive relief and statutory damages of $5,000 per violation.

### COUNT III
### Invasion Of Privacy Under California's Constitution

65. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

66. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendants.

67. Plaintiff and Class Members have an interest in: (1) precluding the dissemination and/or misuse of their sensitive, confidential PII; and (2) making personal decisions and/or conducting personal activities without observation, intrusion or interference, including, but not limited to, the right to visit and interact with various Internet sites without being subjected to wiretaps without Plaintiff's and Class Members' knowledge or consent.

68. At all relevant times, by implementing Clicktale's wiretaps on Gap's Websites, each Defendant intentionally invaded Plaintiff's and Class Members' privacy rights under the California Constitution, and procured the other Defendant to do so.

69. Plaintiff and Class Members had a reasonable expectation that their PII and other data would remain confidential and that Defendants would not install wiretaps on the Websites.

70. Plaintiff and Class Members did not consent to any of Defendants' actions in implementing Clicktale's wiretaps on the Websites.

71. This invasion of privacy is serious in nature, scope and impact.

72. This invasion of privacy alleged here constitutes an egregious breach of the social norms underlying the privacy right.

73. Plaintiff and Class Members seek all relief available for invasion of privacy claims under California's Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendants, as follows:

(a) For an order certifying the Class under Rule 23 and naming Plaintiff as the representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that the Defendants' conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rules of Civil Procedure 38(b), Plaintiff demands a trial by jury of all issues so triable.

Dated:  October 28, 2020                                         Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:     /s/ Joel D. Smith
                Joel D. Smith

L. Timothy Fisher (State Bar No. 191626)
Joel D. Smith (State Bar No. 244902)
Blair E. Reed (State Bar No. 316791)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
              jsmith@bursor.com
              breed@bursor.com

*Attorneys for Plaintiff*