COOLEY LLP
MICHAEL G. RHODES (116127)
(rhodesmg@cooley.com)
KYLE C. WONG (224021)
(kwong@cooley.com)
AARTI G. REDDY (274889)
(areddy@cooley.com)
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111-4004
Telephone:    (415) 693-2000
Facsimile:    (415) 693-2222

CHARLES A. WOOD (310702)
(cwood@cooley.com)
1299 Pennsylvania Ave., NW, Suite 700
Washington, DC  20004
Telephone:    (202) 842-7800
Facsimile:    (202) 842-7899

Attorneys for Defendant
CLICKTALE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| AMBER YALE, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>CLICKTALE, INC.,<br><br>    Defendant. | Case No. 3:20-cv-07575-LB<br><br>**DEFENDANT CLICKTALE, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Hearing Date: August 26, 2021<br>Hearing Time: 9:30 a.m.<br>Judge:   Honorable Laurel Beeler |

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT ....................................................................................................... 2

    A.    Plaintiff Fails to State a Claim Under CIPA Section 631. ...................... 2

        1.    Clicktale Is Not a Third-Party Eavesdropper. ............................. 2

        2.    Clicktale Is Not Otherwise Liable Under Section 631 ................. 7

    B.    Plaintiff Fails to State a Claim Under CIPA Section 635. ...................... 9

        1.    Plaintiff Lacks Constitutional and Statutory Standing. ............... 9

        2.    Plaintiff Fails to Plead that Clicktale's Code Is a Device "Primarily or Exclusively Designed or Intended for Eavesdropping." ..................... 11

    C.    Plaintiff Fails to State a Claim for an Invasion of Privacy. ................... 12

        1.    Plaintiff Does Not Have a Legally Protected Privacy Interest. ................. 12

        2.    Plaintiff Does Not Have a Reasonable Expectation of Privacy. .............. 14

        3.    Clicktale's Conduct Is Not Highly Offensive to a Reasonable Person. ........................................................................................... 14

III.  CONCLUSION .................................................................................................. 15

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Alhadeff v. Experian Info. Sols., Inc.*,
No. 21-00395 (C.D. Cal. May 25, 2021), ECF No. 27 ............................................................ 8

*Associated Gen. Contractors v. Metro. Water Dist.*,
159 F.3d 1178 (9th Cir. 1998)................................................................................................ 12

*Byrd v. Aaron's, Inc.*,
2017 WL 4326106, at *15 (W.D. Pa. Aug. 4, 2017), *report and recommendation adopted*,
2017 WL 4269715 (W.D. Pa. Sept. 26, 2017) ........................................................................ 9

*Cardoso v. Whirlpool Corp.*,
No. 21-60784 (S.D. Fla. July 6, 2021), ECF No. 32................................................................ 1

*Cohen v. Casper Sleep Inc.*,
2018 WL 3392877 (S.D.N.Y. July 12, 2018) ........................................................................ 10

*Connor v. Whirlpool Corp.*,
No. 21-14180 (S.D. Fla. July 6, 2021), ECF No. 21................................................................ 1

*In re Facebook, Inc. Internet Tracking Litig.*,
956 F.3d 589 (9th Cir. 2020)........................................................................................... *passim*

*Folgelstrom v. Lamps Plus, Inc.*,
195 Cal. App. 4th 986 (2011) ................................................................................................ 15

*Goodman v. HTC Am., Inc.*,
2012 WL 2412070 (W.D. Wash. June 26, 2012).................................................................... 15

*In re Google Android Consumer Priv. Litig.*,
2013 WL 1283236 (N.D. Cal. Mar. 26, 2013) ....................................................................... 15

*In re Google Assistant Priv. Litig.*,
457 F. Supp. 3d 797 (N.D. Cal. 2020) ................................................................................. 3, 9

*In re Google Inc. Cookie Placement Consumer Privacy Litig.*,
806 F.3d 125 (3d Cir. 2015).................................................................................................. 13

*In re Google Location Hist. Litig.*,
--- F.Supp.3d ----, 2021 WL 519380 (N.D. Cal. Jan. 25, 2021) ........................................... 15

*In re Google Location Hist. Litig.*,
428 F. Supp. 3d 185 (N.D. Cal. 2019) ................................................................................... 13

*In re Google, Inc. Priv. Pol'y Litig.*,
58 F. Supp. 3d 968 (N.D. Cal. 2014) ..................................................................................... 13

*Graham v. Noom, Inc.*,
--- F. Supp. 3d ----, 2021 WL 1312765 (N.D. Cal. Apr. 8, 2021)................................... *passim*

C OOLEY LLP
A TTORNEYS AT LAW
S AN FRANCISCO

ii

D EFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Hernandez v. Hillsides, Inc.*,
    47 Cal. 4th 272 (2009) .................................................................................................. 12

*Hill v. Nat'l Collegiate Athletic Ass'n*,
    7 Cal. 4th 1 (1994) ....................................................................................................... 14

*Ion Equip. Corp. v. Nelson*,
    110 Cal. App. 3d 868 (1980)......................................................................................... 11

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) .......................................................................... 8

*Jacome v. Spirit Airlines Inc.*,
    2021 WL 3087860 (Fla. Cir. Ct. June 17, 2021) ...................................................... 1, 8

*In re Lenovo Adware Litig.*,
    2016 WL 6277245 (N.D. Cal. Oct. 27, 2016).............................................................. 10

*London v. New Albertson's, Inc.*,
    2008 WL 4492642 (S.D. Cal. Sept. 30, 2008) ............................................................. 13

*Lopez v. Apple, Inc.*,
    --- F. Supp. 3d ----, 2021 WL 823122 (N.D. Cal. Feb. 10, 2021)................................. 4

*Luis v. Zang*,
    833 F.3d 619 (6th Cir. 2016) (Opp. ) ....................................................................... 5, 12

*McAdory v. M.N.S. & Assocs., LLC*,
    952 F.3d 1089 (9th Cir. 2020)........................................................................................ 6

*Moreno v. S.F. Bay Area Rapid Transit Dist.*,
    2017 WL 6387764 (N.D. Cal. Dec. 14, 2017) ............................................................. 10

*NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*,
    838 F. App'x 231 (9th Cir. 2020) ................................................................................... 6

*Opperman v. Path, Inc.*,
    205 F. Supp. 3d 1064 (N.D. Cal. 2016) ....................................................................... 15

*Opperman v. Path, Inc.*,
    87 F. Supp. 3d 1018 (N.D. Cal. 2014) ......................................................................... 15

*People v. Avery*,
    27 Cal. 4th 49 (2002) ..................................................................................................... 7

*People v. Vogel*,
    46 Cal. 2d 798 (1956) ..................................................................................................... 8

*Popa v. Harriet Carter Gifts, Inc.*,
    --- F. Supp. 3d ----, 2021 WL 2463304 (W.D. Pa. June 17, 2021) ................................ 1, 4, 13

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Republic of Ecuador v. Mackay*,
   742 F.3d 860 (9th Cir. 2014)....................................................................... 11

*Revitch v. New Moosejaw, LLC*,
   2019 WL 5485330 (N.D. Cal. Oct. 23, 2019)............................................. *passim*

*Ribas v. Clark*,
   38 Cal. 3d 355 (1985) .................................................................................. 3

*Rogers v. Ulrich*,
   52 Cal. App. 3d 894 (1975)................................................................... 3, 4, 6

*S.D. v. Hytto Ltd.*,
   2019 WL 8333519 (N.D. Cal. May 14, 2019) ............................................. 4

*Scognamillo v. Credit Suisse First Boston LLC*,
   2005 WL 2045807 (N.D. Cal. Aug. 25, 2005)....................................... 2, 13

*Smith v. LoanMe, Inc.*,
   11 Cal. 5th 183 (2021) ........................................................................... 3, 6, 7

*In re Sony Grand Wega KDF-E A10/A20 Series Rear
   Projection HDTV Television Litig.*,
   758 F. Supp. 2d 1077 (S.D. Cal. 2010) ....................................................... 7

*Svenson v. Google Inc.*,
   65 F. Supp. 3d 717 (N.D. Cal. 2014) ........................................................... 8

*Swiggum v. EAN Servs, LLC*,
   2021 WL 3022735 (M.D. Fla. July 16, 2021).......................................... 1, 8

*Tavernetti v. Superior Court*,
   22 Cal. 3d 187 (1978) .................................................................................. 6

*TransUnion LLC v. Ramirez*,
   141 S. Ct. 2190 (2021) ......................................................................... 10, 11

*United States v. Eady*,
   648 F. App'x 188 (3d Cir. 2016) ................................................................. 4

*United States v. Forrester*,
   512 F.3d 500 (9th Cir. 2008)........................................................................ 8

*In re Vizio, Inc., Consumer Priv. Litig.*,
   238 F. Supp. 3d 1204 (C.D. Cal. 2017) ..................................................... 13

*Walsh v. Kindred Healthcare*,
   2012 WL 13158077 (N.D. Cal. Aug. 6, 2012)............................................ 2

*Warden v. Kahn*,
   99 Cal. App. 3d 805 (1979) .................................................................... 3, 7

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iv

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

# TABLE OF AUTHORITIES
(continued)

Page(s)

*Yoon v. Lululemon USA*,
   No. 20-02439 (C.D. Cal. July 15, 2021), ECF No 31 .......................................................*passim*

*In re Zynga Priv. Litig.*,
   750 F.3d 1098 (9th Cir. 2014).......................................................................................... 8, 9

**Statutes**

1988 Cal. Legis. Serv. ch. 111 § 4 ........................................................................................... 3

Cal. Pen. Code
   § 631.................................................................................................................................*passim*
   § 632.................................................................................................................................... 3
   § 635.................................................................................................................................*passim*
   § 637.2............................................................................................................................... 11

**Other Authorities**

California Consitution ............................................................................................................ 10

N.D. Cal. Civ. L.R. 7-9 ........................................................................................................... 2

U.S. Const. Art. III ........................................................................................................... 10, 11

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

v

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

I.     **INTRODUCTION**

Plaintiff's Opposition[1] confirms this Court's prior holding:  website service providers like Clicktale cannot be held liable for helping a website log user activity to improve user experience. Users like Plaintiff voluntarily send this information to Gap, which has the right to collect it with or without the help of third-party tools.  In her third attempt at pleading a viable claim, Plaintiff still does not dispute that the data at issue in this case was collected solely for Gap—an intended recipient of any of the "communications" supposedly protected by CIPA.  Nor does she allege that any of her data was ever sold, disseminated to a third party, or used for advertising.  Also absent is any claim that Gap or its service provider Clicktale caused Plaintiff any injury whatsoever.

In its prior order (ECF No. 31, the "Order"), this Court held that Plaintiff's allegations do not support a claim for relief and identified the facts Plaintiff would need to plead to survive dismissal.  The SAC fails to cure the deficiencies outlined in that Order, and the Opposition makes clear that Plaintiff did not intend to do so.  Instead, Plaintiff attacks the Court's prior application of law, arguing that it erred in finding that Clicktale is a "vendor that provides a software service" to Gap and "not a third-party eavesdropper," thus falling within the Section 631 party exception.  In so arguing, Plaintiff concedes that the smattering of quotes from Clicktale patents and a form contract added to the SAC (and barely mentioned in the Opposition) do not plausibly support a claim that Clicktale used any of Plaintiff's communications for its own purpose.  Plaintiff therefore fails to allege that Clicktale was a third-party eavesdropper, and all claims must be dismissed.

Most courts around the country addressing similar arguments have dismissed wiretap claims against both the website operators and their service providers.[2]  This Court should again decline

---

[1] Unless otherwise stated, "¶" refers to the Second Amended Complaint (SAC, ECF No. 32); "Mot." refers to the Motion to Dismiss (ECF No. 38); "Opp." refers to the Opposition (ECF No. 41).

[2] *See Popa v. Harriet Carter Gifts, Inc.*, --- F. Supp. 3d ----, 2021 WL 2463304, at *10 (W.D. Pa. June 17, 2021) (dismissing wiretap claims against a website analytics service provider at summary judgment); *Jacome v. Spirit Airlines Inc.*, 2021 WL 3087860, at *2 (Fla. Cir. Ct. June 17, 2021) ("*Spirit Order*") (granting motion to dismiss session replay wiretap claims); Order Granting Def.'s Mot. to Dismiss Pl.'s Class Action Complaint, *Connor v. Whirlpool Corp.*, No. 21-14180 (S.D. Fla. July 6, 2021), ECF No. 21 (same); Order Granting Def.'s Mot. to Dismiss Pl.'s Class Action Complaint, *Cardoso v. Whirlpool Corp.*, No. 21-60784 (S.D. Fla. July 6, 2021), ECF No. 32 (same); *Swiggum v. EAN Servs, LLC*, 2021 WL 3022735, at *2 (M.D. Fla. July 16, 2021) (same); *contra*

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

1   Plaintiff's invitation to drastically expand wiretapping liability—not just to service providers like

2   Clicktale and websites like Gap that use those services—but also to the plethora of websites that

3   use other ubiquitous tools like hosting services and storage providers.  Because Plaintiff still cannot

4   plead a viable complaint, the Court should dismiss the SAC with prejudice.[3]

5   **II.    ARGUMENT**

6       **A.    Plaintiff Fails to State a Claim Under CIPA Section 631.**

7           **1.    Clicktale Is Not a Third-Party Eavesdropper.**

8           Nothing in the SAC changes the Court's prior holding that "Clicktale is not a third-party

9   eavesdropper."  (Order at 5.)  Indeed, in a tacit concession that her amended allegations remain

10  deficient, Plaintiff's leading argument is that the Court erred in its prior Order.[4]  Specifically, she

11  asserts that:  (1) CIPA is a "two-party consent statute" and that Plaintiff did not consent to Clicktale

12  collecting her data for Gap; (2) the Court overlooked Plaintiff's allegations that Clicktale

13  intercepted and stored her data, which is enough to plead a wiretapping claim; and (3) the Court

14  was incorrect to consider that Clicktale did not use the information it collected for Gap for its own

15  purposes.  (Opp. at 1-4.)  Plaintiff's arguments—which are precisely the same as those this Court

16  has already rejected—are wrong on all three scores.  As an afterthought and with no discussion,

17  Plaintiff contends that her few amended allegations are enough to avoid dismissal.  They are not.

18          ***First***, Plaintiff asserts that, even assuming Clicktale is a party to any communications as an

19  extension of Gap, it may still be held liable since "CIPA . . . is a two-party consent statute" that

20  prohibits recording without the consent of all parties to a communication.  (Opp. at 1-2.)  This

21  argument is contrary to well-established case law (including this Court's ruling in *Graham*), and

22  the plain language of the statute.  *See Graham v. Noom, Inc.*, --- F. Supp. 3d ----, 2021 WL 1312765,

---

Order Granting-in-Part & Denying-in-Part Defs.' Mot. to Dismiss, *Yoon v. Lululemon USA*, No.
20-02439 (C.D. Cal. July 15, 2021), ECF No 31 ("*Yoon Order*") (granting dismissal of Section 635
and constitutional claims against a session replay provider, but denying without analysis dismissal
as to a portion of plaintiff's Section 631 claim).
[3] Plaintiff fails to oppose Clicktale's Request for Judicial Notice and Incorporation by Reference.
[4] Plaintiff effectively seeks reconsideration of the Court's prior Order, which is improper.  *See* N.D.
Cal. Civ. L.R. 7-9(a) ("No party may notice a motion for reconsideration without first obtaining
leave of Court to file the motion."); *Walsh v. Kindred Healthcare*, 2012 WL 13158077, at *3 n.1
(N.D. Cal. Aug. 6, 2012) (declining the plaintiffs' request that the court reconsider its prior ruling
in opposition to a motion to dismiss, *inter alia*, because it was in violation of L.R. 7-9(b)).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

at *4 (N.D. Cal. Apr. 8, 2021) (noting that a party to a communication cannot eavesdrop on that communication in contravention of Section 631) (citing *In re Facebook, Inc. Internet Tracking Litig.* (*Facebook*), 956 F.3d 589, 607 (9th Cir. 2020)); *see also Warden v. Kahn*, 99 Cal. App. 3d 805, 811 (1979) ("[S]ection 631 . . . has been held to apply only to **eavesdropping** by a third party and not to recording by a participant to a conversation.") (emphasis added).  CIPA addresses "three distinct and mutually independent patterns of conduct," but only "willfully attempting to learn the contents or meaning of a communication in transit over a wire" requires consent.  *In re Google Assistant Priv. Litig.*, 457 F. Supp. 3d 797, 825 (N.D. Cal. 2020) (citation omitted); *see also* Cal. Pen. Code ("CPC") § 631(a).  Although Plaintiff generically alleges a violation of all three provisions of the statute, she does not plausibly plead that Clicktale ever "read[], or attempt[ed] to read, or . . . learn[ed] the contents or meaning" of any of her alleged communications with Gap, as required under CPC § 631(a).  Thus, Plaintiff has not pled sufficient facts to support her argument that all parties must consent to Gap's use of Clicktale's services.

Plaintiff's cited authorities are not to the contrary.  (Opp. at 2.)  The defendant in *Ribas v. Clark*, 38 Cal. 3d 355, 359-60 (1985) was a separate party—an outsider eavesdropping on a telephone line who learned and later testified to the contents of the call—not (as here) a service provider facilitating the call or a party to the phone call.  Meanwhile, *Smith v. LoanMe, Inc.*, 11 Cal. 5th 183 (2021), analyzed the application of the party exception under *Section 632*, which, *inter alia*, requires all parties (including those speaking) to consent when recording telephone calls and is therefore inapposite to Plaintiff's Section 631 claims against Clicktale.

Plaintiff also argues that Clicktale is not a party to the communications because its presence was not known to Plaintiff.  (Opp. at 2-3.)  Not so.  The construction of Section 631 makes clear that this provision criminalizes wiretapping by a third party, whose presence is unknown to the participants of a communication, *and* who eavesdrops on the conversation.  *See Rogers v. Ulrich*, 52 Cal. App. 3d 894, 899 (1975) (holding that "'[e]avesdropping' is the problem the Legislature meant to deal with [in enacting Section 631]").  In enacting CIPA, the legislature created an exception for "telephone communication systems," public utilities, and the use of any equipment furnished pursuant to tariffs of a public utility—i.e., service provider equipment.  1988 Cal. Legis.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

1  Serv. ch. 111 § 4 at 9 (West).  As this Court previously held, Clicktale is a modern-day phone

2  company that provides equipment (like a tape recorder jack) to facilitate communications, record

3  voicemails, and otherwise utilize phone-related services; it is not a third-party eavesdropper.

4  *Graham*, 2021 WL 1312765, at *5 (citing *Rogers*, 52 Cal. App. 3d at 897-99).  (*See also* Order at

5  5.)  Courts interpreting analogous state wiretap statutes are in accord.  *See, e.g.*, *Popa*, 2021 WL

6  2463304, at *8 (finding that Navistone was a "direct party" to communications because by visiting

7  a website, the plaintiff "*freely initiated*" "communications between her web browser, [the site's]

8  web server, and [data analytics service provider] Navistone's servers[,]" even though she was

9  "unaware of the nuanced intricacies required to build the webpage") (emphasis added).

10  　　　　None of Plaintiff's other cited authorities compel a contrary result.  (Opp. at 2.)  In *Hytto*,

11  the communication at issue occurred between two individuals:  Person A, after giving an electronic

12  device to Person B, could control the device using an app.  *S.D. v. Hytto Ltd.*, 2019 WL 8333519,

13  at *7-8 (N.D. Cal. May 14, 2019).  Unlike Gap here, neither party to that communication deployed

14  defendant Hytto to relay or collect information.  Rather, Hytto surreptitiously inserted itself into

15  the communication and captured information for its own purposes, such as "the vibration intensity

16  level users select using the app, and the email address of users sending and receiving commands."

17  *Id.* at *1.  Hytto was therefore a third-party eavesdropper and not a service provider.

18  　　　　Plaintiff's reliance on *United States v. Eady*, 648 F. App'x 188, 192 (3d Cir. 2016) and

19  *Lopez v. Apple, Inc.*, --- F. Supp. 3d ----, 2021 WL 823122, at *8 (N.D. Cal. Feb. 10, 2021), is

20  similarly misplaced, because neither defendant in those cases was a service provider acting on

21  behalf of a party to the communication.  (Opp. at 2.)  In *Eady*, the defendant was an independent

22  party who initiated calls between others and then eavesdropped to learn confidential information

23  and retaliate against the callers.  648 F. App'x at 189-90.  *Apple* is similarly inapposite, as the

24  plaintiff there claimed Apple used Siri to surreptitiously record users' private conversations without

25  their knowledge or consent, and contrary to its express representations.  2021 WL 823122, at *4.

26  None of these cases support imposition of liability here.

27  　　　　***Second***, Plaintiff misperceives the Court's holding by claiming that its prior dismissal "was

28  based in part on the conclusion that there were no allegations that Clicktale intercepted the data

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

itself." (Opp. at 3.) Plaintiff contends this was in error because she "specifically alleges that the videos of website visitors are maintained on Clicktale's server, not on Gap's server where Clicktale presumably would have no access to the data." (*Id.*) But this Court already acknowledged these allegations and found them to be deficient, recognizing that FullStory, a similar service provider of session replay tools, "is a vendor that provides a software service ***that captures its clients' data, hosts it on FullStory's servers***, and allows the clients to analyze their data." *Graham*, 2021 WL 1312765, at *5. (*See* Order at 5 (adopting rationale in *Noom*).) This Court observed that, unlike in *Revitch* and *Facebook*—where the defendants aggregated data for resale—there were no similar allegations that Fullstory "intercepted and used the data itself." *Graham*, 2021 WL 1312765, at *5. The Court then endorsed this same reasoning as to Clicktale in dismissing the FAC, observing that "for the reasons stated in Noom, Clicktale is not a third-party eavesdropper." (Order at 5.)

As discussed in the Motion, the SAC does not remedy this pleading deficiency, as it does not allege that Clicktale "used [Gap's] data itself" for an independent purpose.[5] (*See* Mot. at 9-13.) Moreover, the sole case Plaintiff cites in support of this argument, *Luis v. Zang*, 833 F.3d 619, 637 (6th Cir. 2016) (Opp. at 3), is from outside this Circuit and easily distinguishable. In *Luis*, the court denied a motion to dismiss a federal wiretap claim where defendant marketed the "WebWatcher 'spyware'" "for one spouse to illegally monitor the communications of another spouse." 833 F.3d at 623, 634. This is a far cry from a website using a service provider to analyze its own site traffic.

Plaintiff further claims that it would be "reversible error" to find that her allegations fail to circumvent the Section 631 party exception rule. (Opp. at 3-4.) This argument is irreconcilable with the Ninth Circuit's finding that "[t]he party exception must be considered in the technical context." *Facebook*, 956 F.3d at 607. Indeed, the Court is required to undertake an inquiry into whether Plaintiff plausibly pleads an interception. Plaintiff's sole authority for this assertion is not

---

[5] Plaintiff makes much of Clicktale's statement that it "*collects and analyzes Gap's data,*" (Opp. at 3 (emphasis in original)), despite this Court's recognition that "as [a website's] vendor for analyzing its website traffic" "plaintiffs do not plausibly plead that [the vendor] eavesdropped on their communications with [the website] and instead plead only that [the vendor] is [the website's] vendor for software services." *Graham*, 2021 WL 1312765, at *1. Whether it is Gap or Clicktale who analyze Gap's data for the purpose of improving Gap's website is irrelevant, because Clicktale is simply "an extension of" Gap, who provides a tool that analyzes the web traffic on Gap's websites for Gap alone. *Id.* at *5.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

a CIPA case and does not further Plaintiff's cause, as it requires that the claims be "plausible." *See NorthBay Healthcare Grp., Inc. v. Kaiser Found. Health Plan, Inc.*, 838 F. App'x 231, 234 (9th Cir. 2020) (rejecting argument that antitrust allegations were deficiently pled). Further, despite Plaintiff's attempts to manufacture disputed facts here (*see* Opp. at 4), Clicktale does not argue that it "never received [Plaintiff's] communications and data" (*id.*) but rather that its collection of data as a website's service provider is insufficient to confer liability under CIPA.[6] (Mot. at 12.)

**Third**, relying solely on *Revitch*, Plaintiff argues that Clicktale's use of the information it collected for Gap is irrelevant in assessing wiretapping liability.[7] (Opp. at 4.) Not so. The "technical context" of this case is far different than in *Revitch*, where the defendant allegedly scanned plaintiff's computer, de-anonymized him, and then used third parties to send him postcards in the mail. (Mot. at 12-13).) None of these actions are alleged here. This Court should again recognize that *Revitch* is distinguishable and conclude that "as a service provider, [Clicktale] is an extension of [Gap]. It provides a tool—like the tape recorder in *Rogers*—that allows [Gap] to record and analyze its own data in aid of [Gap's] business. It is not a third-party eavesdropper." *Graham*, 2021 WL 1312765, at *5.[8]

**Finally**, Plaintiff wrongly contends that her amended allegations plead that Clicktale was a third-party eavesdropper. To start, she claims that Clicktale arguing that it falls within the party exception to CIPA is a concession that it is a third-party eavesdropper. (Opp. at 3.) Yet Clicktale was merely arguing that it steps into the shoes of a party to the communication (Gap). Likewise,

---

[6] *McAdory v. M.N.S. & Assocs., LLC* is inapposite as that court found that first parties cannot escape liability under the Fair Debt Collection Practices Act by hiring third parties to collect debts, issues not raised here. 952 F.3d 1089, 1093-94 (9th Cir. 2020).

[7] Plaintiff's other cited authorities (Opp. at 4) are inapposite, as they either do not involve Section 631, *LoanMe*, 11 Cal. 5th at 200, or do not assess how service providers fit within the language of that provision. *Tavernetti v. Superior Court*, 22 Cal. 3d 187, 192-93 (1978).

[8] *Yoon*, which Plaintiff notably fails to cite, does not compel a different result. There, the court dismissed most of the Section 631 and all Section 635 claims against a session replay provider, but denied dismissal as to a portion of the Section 631(a)(i) claim. *Id.* In mistakenly distinguishing this Court's prior reasoning, the *Yoon* court summarily concluded that the question of whether a session replay provider is "a tape recorder held by [the website] . . . is a question of fact for a jury, best answered after discovery." *Id.* at 10. Respectfully, *Yoon* misses the point. Plaintiffs in any Section 631 claim must plead eavesdropping, and the "storage mechanisms" a session replay provider uses does not change that it is a service provider. *Yoon*'s overbroad formulation would criminalize basic functions of the Internet like first-party analytics and security tools.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

Plaintiff argues that Clicktale is somehow transformed into an eavesdropper because it analyzes the data it receives from website owners.  (*See id.* (citing ¶¶ 39-41).)  But as explained in the Motion, it is not clear from the Clicktale patent or ContentSquare's Master Services Agreement that the statements in those documents even apply to Clicktale or its Event Triggered Recorder product as deployed by Gap, and even if they did, the statements merely describe the normal function of a service provider.  (Mot. at 9-12.)  *See also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1090 (S.D. Cal. 2010) (giving no weight to patent filings in ruling on a motion to dismiss, *inter alia*, because "Plaintiffs do not link any of the patent filings to the" relevant offering).  Moreover, the statements in those documents are permissive and do not show that Clicktale actually analyzed *any* user communications—let alone *Plaintiff's* communications—in a manner similar to that alleged in *Revitch*.  Accordingly, Plaintiff's hodgepodge of disconnected and unsupported new allegations must fail.

### 2.      Clicktale Is Not Otherwise Liable Under Section 631.

Plaintiff next tries to salvage her Section 631 claim by asserting that the "Rule of Lenity" is inapplicable here and that she sufficiently alleged that Clicktale captured actionable "content." (Opp. 5-7.)  She is wrong on both arguments.

***The Rule of Lenity Applies.***  Selectively quoting *LoanMe*, Plaintiff wrongly contends that "[t]he California Supreme Court rejected application of [the Rule of Lenity] in its most recent decision addressing CIPA."  (Opp. at 5.)  In *LoanMe*, the court in fact applied the exact rule Clicktale advances here—i.e., that the Rule of Lenity applies when "two reasonable interpretations of the same provision stand in relative equipoise…." 11 Cal. 5th at 202 (citation omitted); *see also People v. Avery*, 27 Cal. 4th 49, 58 (2002) (noting that "ambiguous penal statutes are construed in favor of defendants" in those precise circumstances; *Warden*, 99 Cal. App. 3d at 814, 818 n.3 (observing that as a penal statute, ambiguity in Section 631 should be interpreted narrowly).[9]  This principle should be applied here, where Plaintiff alleges no cognizable injury whatsoever, yet seeks the severe penalty of $5,000 per alleged CIPA violation.  (¶ 80.)  *See People v. Vogel*, 46 Cal. 2d

---

[9] The Court should reject Plaintiff's suggestion to adopt a "grievous ambiguity" standard, which is in contravention of the California Supreme Court's application of California's Rule of Lenity in *LoanMe* and *Avery*.  (*See* Opp. at 5.)

Cooley LLP
Attorneys at Law
San Francisco

7

Defendant Clicktale, Inc.'s Reply
ISO MTD Plaintiff's SAC
Case No. 3:20-cv-07575-LB

798, 804 (1956) (holding that statutory construction must align with "good sense and justice").

Courts in other jurisdictions have applied the Rule of Lenity in dismissing similar session replay

actions. *See Spirit Order*, 2021 WL 3087860, at *3 ("the rule of lenity demands that the Court

interpret the [Florida wiretap act] in favor of" the website utilizing session replay technology).

> ***No "Content" Was Captured.*** Plaintiff again contends that Clicktale intercepted "content"
by collecting "webpages" viewed, "mouse clicks," and "keystrokes." (Opp. at 5-7.) In so arguing,
Plaintiff concedes that the majority of information allegedly collected—"the date and time of
Plaintiff's visit, her IP address, location, browser type and operating system"—is not actually
content. (*Id.* at 5.) But "mouse clicks and movement, keystrokes, . . . information inputted by
Plaintiff, and pages and content viewed" are "precisely the type of non-record information that
courts consistently find do not constitute 'contents' under the Federal Wiretap Act or any of its
state analogs because it does not convey the substance or meaning of any message." *Spirit Order*,
2021 WL 3087860, at *4 (emphasis in original) (citing *In re Zynga Priv. Litig.*, 750 F.3d 1098,
1109 (9th Cir. 2014)); *Svenson v. Google Inc.*, 65 F. Supp. 3d 717, 729 (N.D. Cal. 2014); *In re
iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1062 (N.D. Cal. 2012); *United States v. Forrester*,
512 F.3d 500, 510 (9th Cir. 2008)); *Yoon Order* at 12-13; *see also Swiggum*, 2021 WL 3022735, at
*2. Plaintiff's reliance on the thinly-reasoned decisions in *Alhadeff v. Experian Info. Sols., Inc.*,
No. 21-00395 (C.D. Cal. May 25, 2021), ECF No. 27 and *Revitch v. New Moosejaw, LLC* , 2019
WL 5485330 (N.D. Cal. Oct. 23, 2019) (*see* Opp. at 6-7) is thus misplaced, as both are outliers
among recent decisions interpreting session replay claims under different state wiretapping statutes.
*See Spirit Order*, 2021 WL 3087860, at *4 n.5.[10] Indeed, even the *Yoon* decision correctly holds
that "keystrokes, mouse clicks, [and] pages viewed" are not "content" under CIPA § 631(a)[ii]. *See
Yoon Order* at 12-13.[11]

---

[10] *Facebook* is not to the contrary. (Opp. at 7.) The *Facebook* court held that Facebook's "cookies
[which] allegedly continued to capture information after a user logged out of Facebook and visited
other websites" was capturing content. *Facebook*, 956 F.3d at 596. By contrast, Clicktale is only
capturing website information from a single website, Gap.

[11] Plaintiff misconstrues the Ninth Circuit's holding in *In re Zynga*. (Opp. at 6.) The Court did not
broadly hold that any "form field information" is "actionable content" (*id.*), but instead noted in
*dicta* its agreement with the First Circuit's holding that in some circumstances data entered into a

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

Further, while Plaintiff is correct that to avoid dismissal, she must allege that Clicktale intercepted "the intended message conveyed by the communication" (*see* Opp. at 6 (citing *Graham*, 2021 WL 1312765, at \*6)) she fails to note that such communication must also reveal its "substance, purport, or meaning."  *In re Zynga*, 750 F.3d at 1106.  Whether a communication reveals any "content" depends on the "circumstances."  *Id.* at 1107-09 ("There is no language in ECPA equating 'contents' with personally identifiable information.  Thus, an allegation that [defendants] disclosed personally identifiable information is not equivalent to an allegation that they disclosed the *contents* of a communication.") (emphasis added).  Thus, contrary to Plaintiff's assertion (Opp. at 7), without even the minimum level of detail of what Plaintiff claims was intercepted, the Court cannot assess whether such information constitutes "content" and must dismiss Plaintiff's claim.  *See Byrd v. Aaron's, Inc.*, 2017 WL 4326106, at \*15 (W.D. Pa. Aug. 4, 2017), *report and recommendation adopted*, 2017 WL 4269715 (W.D. Pa. Sept. 26, 2017) ("An examination of the specific content and character of any given screen shot or keystroke is [] critical to a determination of liability.").  (*See also* Mot. at 14.)

Indeed, Plaintiff's own authority supports this proposition.  (Opp. at 7.)  In *In re Google Assistant Privacy Litig.* the court *dismissed the complaint* because plaintiffs' allegations were "*too vague*," concluding that "[t]he Consolidated FAC merely alleges that Plaintiffs' conversations were 'confidential' without alleging any facts regarding the participants in the conversations, the locations of the conversations, or *examples of content from the conversations*."  457 F. Supp. 3d at 816-17 (emphasis added).  Plaintiff's vague allegation that she did "the kinds of things people typically do when visiting a website" (¶ 4) is clearly insufficient.  On attempt number three, Plaintiff has failed to plead that Clicktale intercepted content, and the SAC should be dismissed with prejudice for this independent reason.

**B.      Plaintiff Fails to State a Claim Under CIPA Section 635.**

**1.      Plaintiff Lacks Constitutional and Statutory Standing.**

Plaintiff does not dispute that Gap's alleged possession of Clicktale's code did not cause

---

website form can constitute the content of a communication.  *In re Zynga*, 750 F.3d at 1107.  Plaintiff fails to allege how "webpages" viewed, "mouse clicks," "keystrokes," and vague allusions to "other information" meet this threshold.  (*See* ¶ 74.)

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

1   her any actual harm, and instead claims that the mere allegation of a statutory violation confers

2   Article III and statutory standing.  (Opp. 8-9.)  This argument fails to meet either standing threshold.

3          As to Article III standing, the Supreme Court recently held in *TransUnion LLC v. Ramirez*,

4   that "[o]nly those Plaintiffs who have been *concretely harmed* by a defendant's statutory violation

5   may sue that private defendant over that violation in federal court."  141 S. Ct. 2190, 2205 (2021)

6   (emphasis in original).  The Court distinguished between an "injury in law," i.e., a statutory private

7   right of action, and an "injury in fact," i.e., "a plaintiff's suffering concrete harm" because of a

8   statutory violation.  *Id.*  Only the latter confers Article III standing.  *Id.* at 2208-09, 2211-13 (finding

9   that only class members who suffered an injury that was closely related to defamation had Article

10  III standing).   Similarly, here, Clicktale's alleged manufacture, sale, or possession of an

11  eavesdropping device did not result in *any* concrete harm—much less one that bears a "close

12  relationship" with a harm traditionally heard in American courts*.  Id.* at 2204; *see also Cohen v.*

13  *Casper Sleep Inc.*, 2018 WL 3392877, at *5 (S.D.N.Y. July 12, 2018) (stating that a similar claim

14  under the Federal Wiretap Act was "constitutionally problematic"); *In re Lenovo Adware Litig.*,

15  2016 WL 6277245, at *7 (N.D. Cal. Oct. 27, 2016) (holding that possession, manufacture or sale

16  of a device are not sufficient to justify standing under the federal Wiretap Act).[12]

17         The most Plaintiff alleges is that she generally had a "reasonable expectation that [her] PII

18  and other data would remain confidential," (¶ 94), but the SAC is devoid of any allegations

19  suggesting that it did not—i.e., that Clicktale either disseminated, disclosed, or misused any of her

20  data.  (*See* Mot. at 21.)  Plaintiff also vaguely alleges that "session recording technologies such as

21  Clicktale's *can* leave users vulnerable to data leaks and the harm resulting therefrom" (¶ 26

22  (emphasis added)), not that this harm *actually* occurred.  Indeed, Plaintiff has not pled any "injury"

23  from Clicktale's manufacture, sale, possession (or even use) of its code (¶¶ 84, 88), and as such,

24

25  [12] Though "intrusion upon seclusion" and "*disclosure* of private information" can be concrete harms (Opp. at 8 n.3 (emphasis added) (citing *TransUnion*, 141 S. Ct. at 2204)), neither are alleged here.  Indeed, intrusion upon seclusion is a different cause of action with different elements than invasion of privacy under the California Constitution, and is not alleged in the SAC.  *See Moreno v. S.F. Bay Area Rapid Transit Dist.*, 2017 WL 6387764, at *2 (N.D. Cal. Dec. 14, 2017). Moreover, Plaintiff does not allege that Clicktale's manufacture, sale, and/or possession of its *own code* resulted in *any* disclosure of her private information or intruded upon her seclusion.  Such a proposition would be absurd.

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

1   Plaintiff has not pled an injury in fact sufficient to confer Article III standing.

2        As to statutory standing, Plaintiff argues that even though she has not suffered or been

3   threatened with actual damages, Section 637.2 confers a private right of action for her CIPA claim.

4   (Opp. at 8-9.)  But this argument ignores the plain language of the statute:  only persons "*injured*

5   by a violation of this chapter may bring an action."  CPC § 637.2(a).  Thus, Plaintiff must plead

6   actual damages *or* a non-economic injury.  As described above, the SAC does neither.  *See also*

7   *Yoon Order* at 17 (holding that "CIPA § 637.2 does not provide [plaintiff] with a private right of

8   action to enforce CIPA § 635 against [the session replay service provider]" because the "furnishing

9   of Session Replay did not directly injure [her]").

10       Plaintiff's reliance on *Ion* and *Revitch* is misplaced.  (Opp. at 9.)  *Ion* merely reiterates the

11   language of Section 637.2 that Plaintiff need not suffer "actual damages," but it does not excuse

12   the requirement that Plaintiff must suffer and allege an injury.  *See Ion Equip. Corp. v. Nelson*, 110

13   Cal. App. 3d 868, 882 (1980).  Similarly, the *Revitch* court concluded without explanation and

14   contrary to other authorities that plaintiff had sufficiently "alleged injuries traceable to Moosejaw's

15   possession and use of the device."  2019 WL 5485330, at *3.  Plaintiff presents no case other than

16   *Revitch* that has ever held that mere possession of a wiretapping device meets the concrete injury

17   requirement under CIPA § 635.  In any event, *Ion* and *Revitch* preceded the Supreme Court's recent

18   clarification that "Article III standing requires a concrete injury even in the context of a statutory

19   violation."  *TransUnion*, 141 S. Ct. at 2205 (citation omitted).

20       Finally, Plaintiff's proposed reading of Section 635 would render this provision redundant

21   of Section 631, because in order to allegedly wiretap, one must possess the alleged wiretapping

22   device.  This violates the "cardinal rule of statutory interpretation that no provision should be

23   construed to be entirely redundant."  *Republic of Ecuador v. Mackay*, 742 F.3d 860, 864 (9th Cir.

24   2014) (citation omitted).

25       **2.    Plaintiff Fails to Plead that Clicktale's Code Is a Device "Primarily or**
          **Exclusively Designed or Intended for Eavesdropping."**

26

27       Plaintiff's primary argument that Clicktale's code is a "device . . . primarily or exclusively

28   designed or intended for eavesdropping" under Section 635 ignores the actual *purpose* of

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

Clicktale's code (*e.g.*, to analyze web traffic).  Instead, Plaintiff claims that because she did not consent to Clicktale's collection of her data and intended only to communicate with Gap, Clicktale's code was designed to eavesdrop on her communications.  (Opp. at 9-10.)  Such allegations mistake outcome with purpose.  (Mot. at 17-18.)  Indeed, the SAC's only non-conclusory allegation about the purpose of Clicktale's code is that it is "designed to gather PII, including keystrokes, mouse clicks, and other electronic communications." (¶ 85.)  This falls short, as it says nothing about whether Clicktale's code is *designed* to "secretly" collect "private" information.  (*See* Mot. at 17 (defining "eavesdropping").)  The Opposition also points out that "Clicktale's tracking '*can* be done without asking for affirmation from the user,'" but notably, not that it *is* or *was primarily designed to* function without obtaining any consent.  A tape recorder can be used to surreptitiously record a conversation, but that potential use does not make the tape recorder an eavesdropping device whose possession violates the California Penal code.[13]  Plaintiff cites no cases that support such an expansive interpretation.[14]

## C.     Plaintiff Fails to State a Claim for an Invasion of Privacy.

Plaintiff does not dispute that *Gap* was entitled to receive the information she voluntarily provided, and instead contends that Gap induced a violation of her right to privacy by permitting Clicktale to collect this information on its behalf.  (Opp. at 10-16.)  But Plaintiff neither cites a single case supporting her novel theory nor alleges any injury from Gap's alleged collection of her browsing information.  Plaintiff's allegations do not involve a violation of privacy rights "so serious in nature, scope, and actual or potential impact as to constitute an egregious breach of the social norms."  *Hernandez v. Hillsides, Inc.*, 47 Cal. 4th 272, 287 (2009) (citation omitted).

### 1.     Plaintiff Does Not Have a Legally Protected Privacy Interest.

Plaintiff's allegations have failed to establish either of the two classes of legally protected privacy interests—"autonomy privacy or information privacy."   In fact, Plaintiff eschews

---

[13] Clicktale's code is nothing like spyware, whose sole purpose is to eavesdrop on electronic communications.  (Opp. at 3 (citing *Luis*, 833 F.3d at 637).)  Indeed, the *Yoon* court recently held that the "active role" holding in *Luis* "strains the language of [the law] too far."  *Yoon Order* at 16.
[14] *Revitch* did not expand Section 635, it simply accepted the truth of plaintiff's conclusory allegation at the pleading stage (*see* Opp. at 10 (citing *Revitch*, 2019 WL 5485330, at \*3)), contrary to California law.  *See Associated Gen. Contractors v. Metro. Water Dist.*, 159 F.3d 1178, 1181 (9th Cir. 1998) (conclusory allegations are insufficient to state a claim).

Cooley LLP
Attorneys at Law
San Francisco

12

Defendant Clicktale, Inc.'s Reply
ISO MTD Plaintiff's SAC
Case No. 3:20-cv-07575-LB

1  addressing either of these standards in her Opposition, which alone warrants dismissal.  *See*

2  *Scognamillo v. Credit Suisse First Boston LLC*, 2005 WL 2045807, at *12 (N.D. Cal. Aug. 25,

3  2005) (holding that failure to oppose defendants' arguments is "tantamount to a concession").

4        Instead, Plaintiff asserts in passing that she submitted unspecified "personal information"

5  to Gap without describing how its disclosure to Gap's service provider violated a protected privacy

6  interest (Opp. at 10-11)—presumably because she cannot.  (Mot. at 21-22.)  Indeed, even medical

7  information can be shared with unknown third parties who use the data for their own purpose, if

8  that information is de-identified.  *See London v. New Albertson's, Inc.*, 2008 WL 4492642, at *8

9  (S.D. Cal. Sept. 30, 2008) (dismissing California Const. Art. I. Sec. 1 claim).  Moreover, Plaintiff

10  generally claims that she "had no desire or intent" to have a service provider help Gap process the

11  data she willingly provided (Opp. at 11), yet she offers no authority that would support her bid to

12  extend California privacy law to information voluntarily disclosed to a website (or collected on the

13  website's behalf).  *See In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal.

14  2019) (dismissing informational privacy claims where (as here) defendant "only tracked and

15  collected data during use of [defendant's] services.");[15]  *In re Google, Inc. Priv. Pol'y Litig.*, 58 F.

16  Supp. 3d 968, 988 (N.D. Cal. 2014) (dismissing informational privacy claims based on

17  commingling of user data across Google products and disclosing that data to app developers).[16]

18        Additionally, while Plaintiff acknowledges that her privacy claims must involve

19  information that was "disseminated or misused" (Opp. at 11-12), the SAC lacks any such

20

___

21  [15] Plaintiff argues that *In re Google Location* is distinguishable because only Google collected the
     data in question (Opp. at 11 n.5), but she ignores that the invasion of privacy was much more

22  significant than what is pled here: "Google not only tracked Plaintiffs *continuously* in their cars,
     but also in every other aspect of their lives." *Id.* at 197 (emphasis in original).  Further, this Court

23  has already recognized that Clicktale is an "extension" of Gap.  *Graham*, 2021 WL 1312765, at *5;
     *see also Popa*, 2021 WL 2463304, at *8 (similar).  *Cf. Facebook*, 956 F.3d at 603 (involving actual

24  third parties).

     [16] Both cases Plaintiff cites to the contrary are distinguishable.  (Opp. at 10-11.)  *In re Vizio, Inc.,*

25  *Consumer Priv. Litig.* is distinguishable as the court held that plaintiff plausibly alleged invasion
     of privacy based on defendants "collect[ion] [of] an exceptionally vast array of information about

26  [plaintiffs'] digital identities and [video] viewing histories," including where customers believed
     they have opted out of such practices. 238 F. Supp. 3d 1204, 1233 (C.D. Cal. 2017).  While *In re*

27  *Google Inc. Cookie Placement Consumer Privacy Litig.* is distinguishable because Google
     allegedly acted "in contravention of [plaintiffs'] browsers' cookie blockers and [their] own public

28  statements."  806 F.3d 125, 130 (3d Cir. 2015).

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

allegations.   (*See* ¶ 4.)   Plaintiff argues that she has pled "dissemination" because her data was shared with Gap's service provider—but she fails to allege that Clicktale accessed or used her data. (Opp. at 11-12.)   This is not "dissemination."   (Mot. at 21.)

### 2.      Plaintiff Does Not Have a Reasonable Expectation of Privacy.

Plaintiff claims that Gap violated her subjective expectation by sharing the information she voluntarily disclosed to Gap with one of Gap's service providers.   (Opp. at 12.)   Plaintiff's only authority is inapposite.   (*Id.*)   In *Facebook*, Facebook was not the intended recipient of GET requests between the plaintiff and other websites and used the data to create its own "cradle-to-grave" profiles.   956 F.3d at 599, 603.   After finding that Facebook was not a party to the communications, the court held that the plaintiff alleged a reasonable expectation of privacy based on Facebook's representations, which "set an expectation that logged-out user data would not be collected, but then collected it anyway." *Id.* at 602.   Here, by contrast, Gap explicitly disclosed to Plaintiff in its Privacy Policy that data regarding her interactions with the website may be collected by Gap and *shared with "third parties as needed."* (*See* Mot. at 22 (emphasis added).)[17]

Plaintiff's expectation of privacy must be based on "an objective entitlement founded on broadly based and widely accepted community norms."   *Hill v. Nat'l Collegiate Athletic Ass'n*, 7 Cal. 4th 1, 37 (1994).   Plaintiff's subjective and unreasonable suspicion that Gap would contradict its own privacy policy and withhold data from its service providers does not meet this standard.[18]

### 3.      Clicktale's Conduct Is Not Highly Offensive to a Reasonable Person.

Finally, Clicktale's conduct is not "highly offensive."   The Opposition offers two equally flawed contentions:  (1) that whether Clicktale's conduct would be highly offensive to a reasonable person presents factual issues that cannot be decided on a motion to dismiss (Opp. at 14-15); and (2) the Court should ignore California Court of Appeals precedent that routine commercial collection of information is not highly offensive.   (Opp. at 15-16.)

To start, there is no material dispute of fact here, and Courts routinely dismiss privacy

---

[17] As stated in the Motion (at 4 n.5), any reliance on the Princeton blog post is baseless.

[18] Plaintiff contends that Internet users' awareness that websites use service providers presents a factual issue that cannot be decided on a motion to dismiss.   (Opp. at 13.)   Yet if, like here, the "material facts show no reasonable expectation of privacy or an insubstantial impact on privacy interests, the question of invasion may be adjudicated as a matter of law."   *Hill*, 7 Cal. 4th at 40.

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

1   claims based on far more egregious facts that do not meet an "extraordinarily high bar." *In re*

2   *Google Android Consumer Priv. Litig.*, 2013 WL 1283236, at *10-11 (N.D. Cal. Mar. 26, 2013).

3   The handful of courts that have denied dismissal of such claims have done so on facts that are

4   readily distinguishable.  For instance, in *Goodman v. HTC Am., Inc.*, 2012 WL 2412070, at *14

5   (W.D. Wash. June 26, 2012), defendant used cell phone GPS data to continually log information

6   about plaintiffs, including where they "live, work, park, dine, pick up children from school,

7   worship, vote, and assemble," and then sold that data.  *See also In re Google Location Hist. Litig.*,

8   --- F.Supp.3d ----, 2021 WL 519380, at *1 (N.D. Cal. Jan. 25, 2021) (dispute of fact where Google

9   contradicted representations to users by "collect[ing] and stor[ing] users' location data even when

10  their Location History was set to off").  No such facts are pled here.

11  Further, *Folgelstrom v. Lamps Plus, Inc.*, 195 Cal. App. 4th 986, 990-93 (2011), remains

12  instructive.  There, the court noted that information was collected "without [plaintiff's] knowledge

13  or permission" (i.e., surreptitiously), and that this information was used to identify home addresses

14  (in which "individuals have a substantial [privacy] interest"), and nevertheless dismissed privacy

15  claims because plaintiff did not allege that the information was used "for an offensive or improper

16  purpose" rather than "routine commercial behavior."  (*See also* Mot. at 23.)

17  Plaintiff invites the Court to ignore the California appellate court in *Folgelstrom* and instead

18  extend *Opperman*.  (Opp. at 15-16 (citing *Opperman v. Path, Inc.*, 87 F. Supp. 3d 1018 (N.D. Cal.

19  2014); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1079 (N.D. Cal. 2016).)  Yet both *Opperman*

20  decisions are inapposite.  Indeed, plaintiffs in *Opperman* alleged that Yelp (without consent)

21  uploaded their address book data to its servers and attempted to match it to their own database of

22  existing users.  *Opperman*, 205 F. Supp. 3d at 1081 (N.D. Cal. 2016).  That is a far cry from here,

23  where Plaintiff voluntarily provided to Gap *all* the information she alleges was wiretapped by

24  Clicktale.  Further, Judge Tigar acknowledged that in allowing the case to proceed past the

25  pleadings, he was departing from a long line of cases based on *Folgelstrom*.  *Id.* at 1078.

26  **III.   CONCLUSION**

27  For these reasons, this Court should grant the Motion and dismiss all claims with prejudice.

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB

1  Dated:  August 12, 2021                    COOLEY LLP

2

3                                             By: /s/  Michael G. Rhodes
                                                  Michael G. Rhodes
4
                                             Attorney for Defendant
5                                            Clicktale, Inc.

6  254260489

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COOLEY LLP
ATTORNEYS AT LAW
SAN FRANCISCO

16

DEFENDANT CLICKTALE, INC.'S REPLY
ISO MTD PLAINTIFF'S SAC
Case No. 3:20-cv-07575-LB