UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AMBER YALE,<br><br>Plaintiff,<br><br>v.<br><br>CLICKTALE, INC.,<br><br>Defendants. | Case No. 20-cv-07575-LB<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 38 |

Gap sells clothing online and uses Clicktale's software to see what visitors to its website are doing.[1] The plaintiff — on behalf of a putative California class — claims that this is an illegal wiretap and a violation of her right to privacy under California law.[2] The court previously dismissed the case primarily because the plaintiff did not plausibly plead wiretapping.[3] The amended complaint does not cure the previous complaint's deficiencies. The court can decide the motion without oral argument. N.D. Cal. Civ. L. R. 7-1(b). The court grants the motion to dismiss.

---

[1] Second Am. Compl. (SAC) – ECF No. 32 at 4–7 (¶¶ 13–32). Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 13–19 (¶¶ 60–98).

[3] Order – ECF No. 31.

ORDER – No. 20-cv-07575-LB

The previous dismissal order summarized the allegations about the alleged wiretapping.[4] The main allegations in the new complaint have not changed. In short, Gap uses Clicktale's "Event-Triggered Recorder" software to watch what its users are doing. The new complaint adds allegations about how Clicktale captures, stores, and analyzes data for its clients (such as indexing it for the client's use and showing a user's purchase history) and Clicktale's lack of disclosures to website users about how the software works.[5] All parties consented to magistrate jurisdiction under 28 U.S.C. § 636.[6] The court has subject-matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d).[7]

In recent cases involving the plaintiff's counsel, including *Graham v. Noom*, the court dismissed similar claims against another software-services provider called FullStory. The court's reasoning in *Graham* controls here: Clicktale is not a third-party wiretapper because it is not an outsider and instead is a software vendor that provides a service that allows Gap to analyze its own data. The plaintiff does not state a claim for wiretapping (or invasion of privacy based on the wiretapping) for the reasons in the court's earlier order. The new allegations — illuminating the functionalities of the software and the lack of disclosures to website users — do not change this conclusion. The plaintiff also lacks standing for the claim under California's Invasion of Privacy Act: there is no wiretapping, there thus is no injury that creates a private right of action under the statute, and there is no injury in fact that conveys Article III standing.[8] Cal. Penal Code § 637.2(a).

The court dismisses the complaint with prejudice because the plaintiff did not cure the earlier complaint's deficiencies. This disposes of ECF No. 38.

**IT IS SO ORDERED.**

Dated: August 24, 2021

LAUREL BEELER
United States Magistrate Judge

---

[4] *Id*. at 2–3. This order incorporates the previous order's summary by this reference.

[5] SAC – ECF No. 32 at 9–11, 13–14 (¶¶ 35–48, 56–59).

[6] Consents – ECF Nos. 6, 12.

[7] SAC – ECF No. 32 at 4 (¶ 8).

[8] *Graham v. Noom, Inc.*, No. 3:20-cv-06903-LB, Order – ECF No. 79 at 2–3 (N.D. Cal. Aug. 13, 2021).